| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Charles J. Brash 115366**<br>**Law Offices of Charles J. Brash**<br>**24405 Chestnut Street**<br>**Suite 207**<br>**Newhall, CA 91321**<br>**661-254-5100 Fax: 661-254-5771**<br>State Bar Number: **115366 CA**<br>lawofficescbrash@aol.com | |

☐ *Debtor(s) appearing without an attorney*
☑ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br><br>Fanny Giraldo<br><br><br><br>Debtor(s.) | CASE NO.: **2:19-bk-13717-VZ**<br>CHAPTER: **13**<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) __Fanny Giraldo__, filed a motion or application (Motion) entitled __ **MOTION FOR APPROVAL OF SETTLEMENT AND DISBURSEMENT OF SETTLEMENT PROCEEDS__.**

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. *(Check appropriate box below)*:

    ☑ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o),

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

    (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

    (2) Movant will lodge an order that the court may use to grant the Motion; and

    (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: **June 17, 2019**

_____
Signature of Movant or attorney for Movant

Charles J. Brash
_____
Printed name of Attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**24405 Chestnut Street**
**Suite 207**
**Newhall, CA 91321**

A true and correct copy of the foregoing document entitled: __ **Notice of Motion for Order without Hearing Pursuant to LBR 9013-1(o)** __ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) __06/17/2019__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Nancy K Curry (TR)**: trustee13la@aol.com **United States Trustee (LA)** :ustpregion16.la.ecf@usdoj.gov

**DEUTSCHE BANK NATIONAL TRUST COMPANY:** sferry@ecf.courtdrive.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date) __06/17/2019__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Vincent P. Zurzolo**
United States Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

**Nancy K Curry (TR)**
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

**United States Trustee**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 17, 2019 | Robert Miller | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Fanny Giraldo
24969 Avenida Balita
Valencia, CA 91355-3029


Charles J. Brash
Law Offices of Charles J. Brash
24405 Chestnut Street
Suite 207
Newhall, CA 91321


American Express
P.O. Box 981537
El Paso, TX 79998


Bank of America
P.O. Box 982238
El Paso, TX 79998


Kaivan Harouni, Esq.
5950 Canoga Avenue  Suite 550
Woodland Hills, CA 91367


Ocwen Loan Servicing
P.O. Box 24738
West Palm Beach, FL 33416-4738


The Mortgage Law Firm, PLC
27455 Tierra Alta Way, Ste. B
Temecula, CA 92590

1  LAW OFFICES OF CHARLES J. BRASH
   CHARLES J. BRASH, ESQ. (SBN: 115366)
2  TAMARA L. GRAVES, ESQ. (SBN: 200206)
3  24405 CHESTNUT STREET, SUITE 207
   NEWHALL, CA 91321
4   (661) 254-5100

5  Attorneys for Debtor,
   FANNY GIRALDO
6

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                **LOS ANGELES DIVISION**

10 In re:                          )   CASE NO:  2:19-bk-13717-VZ
                                    )
11 FANNY GIRALDO,                   )   CHAPTER 13
                                    )
12                  Debtor.         )   MOTION FOR APPROVAL OF
13                                  )   SETTLEMENT AND DISBURSEMENT
                                    )   OF SETTLEMENT PROCEEDS
14                                  )
                                    )
15 _____     )

16 TO HONORABLE VINCENT P. ZURZOLO, NANCY CURRY, CHAPTER 13 TRUSTEE,
17
   ALL CREDITORS AND THEIR ATTORNEYS OF RECORD:
18
19        Comes now FANNY GIRALDO, Debtor in the above-captioned and numbered
20 bankruptcy proceeding, and files this Motion for Approval of Settlement and Disbursement of
21 Settlement Proceeds, and in support thereof would show the Court as follows:

22                            I.
23        Debtor's petition in this Chapter 13 proceeding was filed on April 2, 2019. Debtor's
24 Chapter 13 plan confirmation is pending.
25
26                           II.
27        On or about October 31, 2018, Debtor Fanny Giraldo filed a complaint against Ocwen
28 Loan Servicing LLC in Los Angeles County Superior Court, Case No. 18STCV02983 (Fanny

                                   -1-

Giraldo v Ocwen Loan Servicing, LLC, herein referred to as the "Action") over a dispute

regarding the Debtor's secured loan on her property at 24969 Avenida Balita, Valencia, CA

91355 ("Property"). The Debtor and Ocwen Loan Servcing, LLC deny all allegations, claims and

defenses made by the other Party in the Action.

On or about June 7, 2019, the Debtor and Ocwen Loan Servicing, LLC came to a

confidential settlement and release agreement solely in order to avoid the cost, delay and

uncertainty of further litigation without admitting any liability and settle their rights and

obligations in connection with the loan. A true and correct copy of said Confidential Settlement

and Release Agreement is attached hereto as Exhibit "A".

III.

The settlement proceeds in this matter are exempt. A true and correct copy of Schedule C:

Property Claimed as Exempt is attached hereto as Exhibit "B". The proceeds of $7,500.00 will be

split between the debtor and her attorney, Walter Wiggins, including costs and fees. Debtor will

receive $3,750.00 and her attorney will receive $3,750.00 for legal costs and fees.

PRAYER

WHERFORE, PREMISES CONSIDERED, Debtor Fanny Giraldo respectfully requests

that the settlement set forth herein be approved, that disbursement of the settlement proceeds in

accordance with Exhibit "A" attached hereto be allowed, and the Court grant Debtor such other

further relief to which she may show herself justly entitled

DATED:  June 13, 2019                    Respectfully submitted,

LAW OFFICES OF CHARLES J. BRASH

BY:

CHARLES J. BRASH

Attorney for Debtor,
FANNY GIRALDO

- 2 -

## DECLARATION OF FANNY GIRALDO

I, FANNY GIRALDO, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. On or about April 2, 2019, I filed this Chapter 13 bankruptcy, case number 2:19-bk-13717-VZ. My Chapter 13 plan confirmation is pending.

2. On or about October 31, 2018, I filed a complaint against Ocwen Loan Servicing LLC in Los Angeles County Superior Court, Case No. 18STCV02983 (Fanny Giraldo v Ocwen Loan Servicing, LLC, herein referred to as the "Action") over a dispute regarding the secured loan on my property at 24969 Avenida Balita, Valencia, CA 91355 ("Property"). Both Ocwen Loan Servcing, LLC and I deny all allegations, claims and defenses made by the other Party in the Action.

3. On or about June 7, 2019, Ocwen Loan Servicing, LLC and I came to a confidential settlement and release agreement solely in order to avoid the cost, delay and uncertainty of further litigation without admitting any liability and settle their rights and obligations in connection with the loan. A true and correct copy of said Confidential Settlement and Release Agreement is attached hereto as Exhibit "A".

4. The settlement proceeds in this matter are exempt. A true and correct copy of Schedule C: Property Claimed as Exempt is attached hereto as Exhibit "B". The proceeds of $7,500.00 will be split between myself and my attorney, Walter Wiggins, including costs and fees. I will receive $3,750.00 and my attorney will receive $3,750.00 for legal costs and fees.

5. WHERFORE, PREMISES CONSIDERED, I respectfully request that the settlement set forth herein be approved, that disbursement of the settlement proceeds in

- 3 -

accordance with Exhibit "A" attached hereto be allowed, and the Court grant me such

other further relief to which I may show herself justly entitled

I declare under penalty of perjury under the laws of the United States of America and the

State of California that the foregoing is true and correct.

Executed this 13h day of June, 2019 at Newhall, California.

Fanny Giraldo, Declarant

- 4 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

24405 Chestnut Street, Suite 207, Newhall, CA 91321

A true and correct copy of the foregoing document entitled (*specify*): _____
MOTION FOR APPROVAL OF SETTLEMENT AND DISBURSEMENT OF SETTLEMENT PROCEEDS _____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/17/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
    Nancy K Curry (TR): trustee13la@aol.com United States Trustee (LA) :ustpregion16.la.ecf@usdoj.gov
    DEUTSCHE BANK NATIONAL TRUST COMPANY: sferry@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 06/17/2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hon. Vincent P. Zurzolo | Nancy K Curry (TR) | United States Trustee |
| United States Bankruptcy Court | 1000 Wilshire Blvd., Suite 870 | 915 Wilshire Blvd, Suite 1850 |
| 255 E. Temple Street, Suite 1360 | Los Angeles, CA 90017 | Los Angeles, CA 90017 |
| Los Angeles, CA 90012 | | |

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/17/2019 | Robert Miller | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Fanny Giraldo
24969 Avenida Balita
Valencia, CA 91355-3029


Charles J. Brash
Law Offices of Charles J. Brash
24405 Chestnut Street
Suite 207
Newhall, CA 91321


American Express
P.O. Box 981537
El Paso, TX 79998


Bank of America
P.O. Box 982238
El Paso, TX 79998


Kaivan Harouni, Esq.
5950 Canoga Avenue  Suite 550
Woodland Hills, CA 91367


Ocwen Loan Servicing
P.O. Box 24738
West Palm Beach, FL 33416-4738


The Mortgage Law Firm, PLC
27455 Tierra Alta Way, Ste. B
Temecula, CA 92590

EXHIBIT A

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement and its Exhibits (collectively, "Agreement") is made and entered into as of the last day set forth on the signature page ("Effective Date") by and between Ocwen Loan Servicing, LLC ("Defendant") and Fanny 🐟 Giraldo.("Borrower and /or Plaintiff") (individually, a "Party," and collectively, the "Parties") for the purpose of resolving by compromise and settlement of all claims, controversies, alleged liabilities, and disputes between them.

## RECITALS

This Agreement is entered into with reference to the following facts:

A.  On November 27, 2006, Borrower executed a $ 560,800.00 note ("Note") in favor of American Brokers Conduit secured by a mortgage ("Mortgage") encumbering Borrower's real property commonly known as 24969 Avenida Balita Valencia CA 91355("Property"). (The Note, Mortgage, and associated origination documents are collectively referred to as the "Loan Documents," setting forth the terms of the "Loan.") The Property is more specifically described as follows:

> *The real property in the City of SANTA CLARITA, County of Los Angeles, State of California, described as Lot 12 of Tract No 26894, in the City of Santa Clarita, County of Los Angeles, State of California, as per recorded in Book 784, Pages 31 through 34, inclusive of maps in the Office of the County Recorder of said County.*
>
> *APN# 2855-005-006*

B.  Ocwen Loan Servicing, LLC, ("Ocwen") is the current servicer of the Loan, which is identified with by the Loan Number 7140286613.

C.  Homeward Residential serviced the Loan until servicing transferred to Ocwen on or about February 17, 2013.

D.  Certain disputes have arisen between Borrower and Ocwen regarding Borrower's default on the Loan.  Those disputes are more fully set forth in the pleadings filed in Los Angeles County Superior Court entitled Fanny Giraldo v Ocwen Loan Servicing, LLC, bearing Case Number 18STCV02983 hereinafter to be referred to as the "Action."

E.  Each Party to this Agreement is fully apprised of the facts set forth in these Recitals and of the facts and contentions raised in the Action, and in all other aspects of the dispute between or among the Parties, whether pleaded or not, and possibilities of each action and matter described herein.

F.  Each Party denies all allegations, claims and defenses made by the other Party in the Action.

G.  Notwithstanding the above, solely in order to avoid the cost, delay and uncertainty of further litigation, the Parties desire to compromise and settle all disputes and claims which exist or which may exist between and among them arising out of the facts, matters, and events set forth

above, without admitting any liability and settle their rights and obligations in connection with the Loan Documents.

## AGREEMENTS, RELEASES, AND PROMISES

THEREFORE, in consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the sufficiency and receipt of which is

1. **Payment of Settlement Funds:**  Ocwen agrees to pay $7,500 (Seven Thousand Five Hundred Dollars and zero cents) by check made to  Borrower's counsel within thirty (30) days of (a) the Effective Date or (b) the date upon which the Borrower and Borrower's Counsel delivers to Ocwen a W-9 form, whichever is later

2. **Dismissal of Action:** The Parties agree to dismiss the Lawsuit with prejudice and without costs. The Parties' counsel shall execute a Request for Dismissal with prejudice, attached as **Exhibit A** to this Agreement simultaneously with the Parties' execution of this Agreement.

3. **Attorneys' Fees:** Each Party shall bear their own attorneys' fees and costs incurred.  If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action.  Any award of attorney's fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorney's fees paid or incurred in good faith.

4. **Confidentiality:**  The Parties and their attorneys represent, warrant and agree that the terms and contents of this Agreement and all information and evidence elicited or exchanged during the Action and in negotiating this Agreement are and shall be treated as confidential and shall not be disclosed, in any way used or described or characterized to any other person or entity except as follows: (a) Borrower may only disclose the contents or terms of the Agreement to his accountants and other tax preparers, to the Internal Revenue Service, to his attorneys, or if otherwise compelled by a court of law; (b) Ocwen may disclose the contents or terms of the Agreement under the same circumstances, to governmental entities to which Ocwen reports, or as otherwise required in the normal course of its business; This confidentiality provision and agreement is a material term of this Agreement, breach of which the Parties hereby agree will cause the Parties irreparable harm. If Borrower or Borrower's attorneys are required by an appropriate order of a competent court to disclose the terms of this Agreement to individuals other than those set forth above, Borrower shall notify Ocwen's counsel, in writing, at least fifteen (15) days prior to such disclosure.

5. **Release by Borrower:** Except for the obligations and rights expressly set forth and reserved in Paragraph 8 of this Agreement, in consideration of the recitals, covenants and agreements set forth in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, upon the Effective Date of this Agreement, Borrower, for and on behalf of

himself/herself and his/her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through him/her (collectively, the "Releasors") hereby unconditionally, irrevocably, forever and fully releases, acquits, and forever discharges Ocwen and Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2, and their predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the Loan and their predecessors, heirs or successors in interest and assigns, and each of them (the "Releasees"), of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in law or equity, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the Action, the Property, the Note, the Mortgage, or the Loan. The Borrower also specifically waives and releases any right of rescission under the federal Truth in Lending Act ("TILA") and any other claims they may have, whether known or unknown, fixed or contingent, under TILA, the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement and Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Credit Reporting Act ("FCRA"), or their implementing regulations, or any corresponding state law statute or provision concerning the Note, the Mortgage, the Loan, and/or the Action. It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees up until and including the date of the execution of this Agreement.

6.  **Release of Unknown Claims:**  Borrower acknowledges and agrees that he/she may hereafter discover facts different from, or in addition to, those facts known to him or which he/she now believes to be true with respect to any and all of the claims, demands, actions, causes of action, suits, liens, debts, obligations, damages, liabilities, judgments, costs, expenses, and fees (including reasonable attorney's fees) existing on the effective date of this Agreement. Borrower nevertheless agrees that the releases set forth herein have been negotiated and agreed upon, notwithstanding such acknowledgment and agreement, and hereby expressly waive any and all rights which he/she may have under any federal or state statute or common law principle which may provide that a general release does not extend to claims which are not known to exist at the time of execution. Borrower understands and acknowledges the significance and consequences of this waiver and assumes full responsibility for any and all damages, losses, costs, and expenses they may incur hereafter as a result of any of the facts, matters, and events referred to in the Recitals set forth above.

Borrower hereby expressly waives California *Civil Code* §1542, which provides that:

releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Borrower acknowledges that he/she has read and understands and acknowledges the significance and consequence of any waiver of California *Civil Code* §1542, and assumes full responsibility for any and all damages, losses, costs and expenses he/she may incur hereafter as a result of any of the facts, matters, and events referred to in the Recitals set forth above.

7. **Release Limitations:** This Agreement does not release: (1) claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement; (2) any future disputes between Borrower and Ocwen, including its successors and assigns, which arise out of or relate to the Parties' continuing relationship as mortgagor and mortgagee; and (3) Ocwen's (including its successors' and assigns') right to foreclose.

8. **Warranties and Representations:** The Parties hereto warrant and represent that (a) he, she, or it is the sole owner of all rights, claims, damages, actions, causes of action, suits and defenses, as the case may be, at law or in equity, he, she, or it has or may have or that were asserted or could have been asserted in the action, and (b) he, she, or it has not assigned, transferred, conveyed, or purported to assign, transfer, or convey to any person or entity any right, claim, action, cause of action, suit (at law or in equity), defense, demand, debt, liability, account, or obligation herein released, or any part thereof, or which would, absent such assignment, transfer or conveyance, be subject to the releases set forth in this Agreement.

9. **Acknowledgments:** Each of the Parties acknowledge and agree that:

   a. This Agreement is entered into and executed voluntarily by each of the Parties hereto and without any duress or undue influence on the part of, or on behalf of, any such Party.

   b. Each of the Parties hereto has been represented by counsel of its/their own choice, or has had the opportunity to be represented by counsel and to seek advice in connection with the negotiations for, and in the preparation of, this Agreement and that he, she, or it has read this Agreement and that he, she or it is fully aware of its contents and legal effects. All Parties who are representing themselves are warned to obtain the advice of an attorney before signing this Agreement.

   c. The drafting and negotiation of this Agreement has been undertaken by all Parties hereto and their respective counsel. For all purposes, this Agreement shall be deemed to have been drafted jointly by all of the parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

10. **Tax Consequences:** This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the modifications and payments set forth in this Agreement reflect the settlement of disputed legal claims and that Ocwen makes no representations

regarding the Agreement's tax consequences. Borrower, however, specifically agrees that he/she is solely responsible for any and all taxes, interest and penalties due and owing, if any, should the modifications, payments or any portion thereof, be taxable.

11. **Bankruptcy Approval:** This Agreement is subject to approval by the Bankruptcy Court in Plaintiff's chapter 13 Bankruptcy filed April 2, 2019 in the USBC Central District of California case number: 2:19-bk-13717-VZ. This Agreement shall be subject to such approval, and shall be of no force or effect until such approval is obtained.

12. **Compromise of Disputed Claims:** It is understood and agreed that this Agreement is the compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each released Party expressly denies any liability or responsibility whatsoever.

13. **Severability:** If any of the provisions of this Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions shall not be affected thereby.

14. **Binding Effect:** This Agreement shall be binding on, and shall inure to the benefit of, the Parties hereto and their respective administrators, representatives, successors, and assigns.

15. **Governing Law:** This Agreement shall be governed by the laws of the State of California and any question arising hereunder shall be construed or determined according to such law. Notwithstanding any such dismissal(s) agreed to herein, the Court in the Action shall retain jurisdiction to enforce this settlement pursuant to a motion filed under California *Code of Civil Procedure* §664.6.

16. **Further Assurances:** The Parties agree to do all acts and things and to make, execute, acknowledge and deliver such written documents, instructions and/or instruments in such form as shall from time to time be reasonably required to carry out the terms and provisions of this Agreement, including but not limited to, the execution, filing or recording of any reporting documents, affidavits, deeds or agreements. The Parties further agree to give reasonable cooperation and assistance to any other party or parties hereto in order to enable such other Party or Parties to secure the intended benefits of this Agreement.

17. **Counterparts:** This Agreement may be executed by the Parties in any number of counterparts, including by way of facsimile, and each of which shall be deemed to be an original and all of which, collectively, shall be deemed to be one and the same instrument.

18. **Integration Clause:** This Agreement contains the entire agreement between and among the Parties hereto, and supercedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between or among them relating to the subject matter of this Agreement. This Agreement may not be amended orally, nor shall any purported oral amendment (even if accompanied by partial or complete performance in accordance therewith) be of any legal force or effect or constitute

an amendment of this Agreement, but rather this Agreement may be amended only by an agreement in writing signed by the parties.

19. **Time Is Of The Essence:**  Time is of the essence with respect to the performance of any and all provisions of this Agreement.

20. **Headings and Captions:**  The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

21. **Effective Date:**  This Agreement shall be deemed effective on the Date that it is signed by all Parties hereto.


**[REMAINDER OF THIS PAGE INTENTIALLY LEFT BLANK]**

IN WITNESS WHEREOF, each of the Parties hereto has executed this Agreement on the date set forth opposite his, her, or its name below. **The undersigned hereby certify that they have read and fully understand all of the terms, provisions, and conditions of this Agreement and have executed this Agreement voluntarily.**

Dated: June _7_, 2019

Borrower:  Fanny Giraldo

Dated: June ___, 2019

Authorized Representative of Ocwen Loan
Servicing, LLC, servicer for Deutsche Bank
National Trust Company, as Trustee for American
Home Mortgage Assets Trust 2007-2, Mortgage-
Backed Pass-Through Certificates Series 2007-2
Name: _____
Title:_____

APPROVED AS TO FORM AND CONTENT:

Dated: June _7_, 2019

By: _____
    Attorneys for Borrower
    WALTER F. WIGGINS, JR.

Dated: June ___, 2019

By: _____
    Attorneys for Ocwen Loan Servicing LLC

EXHIBIT B

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Fanny Giraldo** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:19-bk-13717-VZ | | |
| (if known) | | | |

☐ Check if this is an
  amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**    **Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **1995 Toyota Camry 76695 miles**<br>Line from Schedule A/B: **3.1** | $1,000.00 | ■ | $1,000.00 | C.C.P. § 703.140(b)(2) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Household Furnishings**<br>Line from Schedule A/B: **6.1** | $700.00 | ■ | $700.00 | C.C.P. § 703.140(b)(3) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Electronics: Mobile phone, TV**<br>Line from Schedule A/B: **7.1** | $200.00 | ■ | $200.00 | C.C.P. § 703.140(b)(3) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking: Chase Bank**<br>Line from Schedule A/B: **17.1** | $306.00 | ■ | $306.00 | C.C.P. § 703.140(b)(5) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Settlement: Fanny Giraldo v Ocwen Loan Servicing, LLC**<br>**Case No.: 18STCV02983 7500**<br>Line from Schedule A/B: **35.1** | $7,500.00 | ■ | $7,500.00 | C.C.P. § 703.140(b)(5) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Fanny Giraldo**    Case number (if known)    **2:19-bk-13717-VZ**

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☒  No

    ☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐  No

        ☐  Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy